**WO**                                                                                           JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerome Jones, | No. CV 05-3720-PHX-JAT (DKD) |
| Petitioner, | **ORDER** |
| vs. | |
| Ivan Bartos, et al. | |
| Respondents. | |

Petitioner, who is confined in the Barchey Unit of the Arizona State Prison Complex in Buckeye, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Court will order an answer.

**A.**     **Motion to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust balance is less than $25.00.  See LRCiv 3.5(b) (excess of $25.00 requires payment of the filing fee).  Accordingly, the Application to Proceed *In Forma Pauperis* (Doc. #1) will be granted.

**B.**     **Procedural Background**

On February 26, 2003, after Petitioner pled guilty, he was sentenced to a term of ten years for armed robbery.  He did not file a direct appeal.  Petitioner filed a petition for post-

**TERMPSREF**

1  conviction relief.  By order filed November 10, 2004, the Maricopa County Superior Court
2  denied his request.  Petitioner's appeal therefrom was later denied by the Arizona Court of
3  Appeals.  He did not seek review in the Arizona Supreme Court.

4  In his habeas petition, Petitioner raises two grounds for relief: (1) counsel was
5  ineffective by failing to adequately inform Petitioner of the consequences of accepting a plea
6  agreement, and by failing to communicate to Petitioner in writing the terms of the plea offer;
7  and (2) the ten-year aggravated sentence violated Blakely v. Washington, 542 U.S. 296
8  (2004).

9  Petitioner alleges that he exhausted the claims.  See Swoopes v. Sublett, 196 F.3d
10  1008, 1010 (9th Cir. 1999) (when challenge is not to a life sentence or capital sentence,
11  exhaustion requires only fair presentation to the Arizona Court of Appeals).  Even assuming
12  that the exhaustion requirement has not been met, it appears that any unexhausted claim may
13  be procedurally barred.  In light of the possibility of procedural bar, a summary dismissal
14  would be inappropriate.  See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding
15  where petitioner failed to exhaust claims and it was not clear whether claims were
16  procedurally barred).  Accordingly, an answer is required.  28 U.S.C. § 2254(a).

17

18  **IT IS THEREFORE ORDERED that:**

19  (1) Petitioner's Application to Proceed *In Forma Pauperis* (Doc. #1) is granted.

20  (2) A copy of the Petition and this Order be served by the Clerk of Court upon the
21  Respondent and the Attorney General of the State of Arizona by certified mail pursuant to
22  Rule 4, Rules Governing Section 2254 Cases.

23  (3) Respondent shall answer the Petition within forty (40) days of the date of service.
24  Respondent shall not file a dispositive motion in place of an answer, but may file an answer
25  limited to relevant affirmative defenses, including but not limited to, statute of limitations,
26  procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only
27  those portions of the record relevant to those defenses need be attached to the answer.

28

1  Failure to set forth an affirmative defense in an answer may constitute a waiver of the
2  defense.  See Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); see also Morrison
3  v. Mahoney, 399 F.3d 1042 (9th Cir. 2005).   If not limited to affirmative defenses, the
4  answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing
5  Section 2254 Cases.

6      (4)  Petitioner may file a reply within thirty (30) days from the date of service of the
7  answer.

8      (5)  Petitioner shall serve upon Respondent, or if appearance has been entered by
9  counsel, upon the attorney, a copy of every further pleading or other document submitted for
10 consideration by the Court.  Petitioner shall include with the original document and copy, to
11 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
12 the pleading or document was mailed to Respondent or the counsel.  Any paper received by
13 a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the
14 Court may be disregarded by the Court.

15     (6)  At all times during the pendency of this action, Petitioner shall immediately
16 advise the Court of any change of address and its effective date.  Such notice shall be
17 captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only
18 information pertaining to the change of address and its effective date.  The notice shall not
19 include any motions for any other relief.  Failure to file a Notice of Change of Address may
20 result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil
21 Procedure 41(b).

22     (7)  Aside from the two copies of the petition or amended petition that must be
23 submitted, a clear, legible copy of every pleading or other document filed shall accompany
24 each original pleading or other document filed with the Clerk for use by the District Judge
25 or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
26 may result in the pleading or document being stricken without further notice to Petitioner.
27 //
28 //

1  (8) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rule
2  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
3  recommendation.

4  DATED this 6th day of December, 2005.

James A. Teilborg
United States District Judge

**TERMPSREF**

- 4 -